**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-50617
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HOMERO RODRIGUEZ, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas at Del Rio
USDC No. 2:02-CR-683-2

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Homero Rodriguez, Jr. pled guilty in 2003 to conspiracy to possess with intent to distribute marijuana. A judgment of conviction and sentence followed. In 2007, the district court denied Rodriguez's motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255. We AFFIRM.

Rodriguez was sentenced to 151 months after being given an enhancement under the career offender provision of the Sentencing Guidelines due to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

previous aggravated assault and arson convictions. Rodriguez filed a Section 2255 motion alleging he received ineffective assistance of counsel at the pre-trial, plea, and sentencing phases of his trial because counsel failed to challenge the enhancement. *See* U.S.S.G. § 4B1.1. Specifically, Rodriguez argues his previous arson conviction was not a crime of violence as defined by Section 4B1.2. The district court denied Rodriguez's motion after finding that the arson statute under which Rodriguez was convicted, Texas Penal Code § 28.02, qualifies as a crime of violence within the meaning of Section 4B1.2. Rodriguez appealed.

After the completion of briefing in this case, we resolved in a different case the exact issue that Rodriguez presents. We determined that the statute under which Rodriguez was convicted falls within the general contemporary meaning of arson and is therefore a crime of violence. *United States v. Velez-Alderete*, 569 F.3d 541, 545 n.4, 546 (5th Cir. 2009). The question Rodriguez posed has now been answered. The challenged sentencing enhancement was properly applied.

Rodriguez has moved for appointment of counsel for this appeal. In light of the fact that the very issue he raises has already been resolved, we find no need for appointed counsel in this appeal.

The district court's judgment denying Rodriguez's Section 2255 motion is AFFIRMED.